IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRELL T. BROWN,

        Petitioner,                  No. CIV S-06-1849 JAM CHS P

    vs.

KEN CLARK,

        Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

I.    INTRODUCTION

        Petitioner Tyrell Brown is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Brown attacks his December 5, 2003 conviction for violation of California Penal Code § 11351.5 in the Sacramento County Superior Court, case no. 03F04345.

II.    ISSUE

        Mr. Brown claims that the State of California has violated his Fifth Amendment right to be free from double jeopardy.[1] Upon careful consideration of the record and the

---

[1] Mr. Brown also raises violations of the California Constitution and California state law. These claims are not cognizable federal habeas claims and this court will not address those claims. See Estelle v. McGuire, 502 U.S. 62, 67 (1991). In Estelle, the United States Supreme Court reiterated the standards of review for a federal habeas court. The court held that "it is not

1

applicable law, the undersigned will recommend that petitioner's petition for habeas corpus relief be denied.

/////

/////

### III. FACTUAL AND PROCEDURAL BACKGROUND

#### A. Facts

On September 4, 2001 Mr. Brown, pursuant to a negotiated agreement, pled no contest to possession of cocaine base for sale and admitted that he had served a prior prison term. Answer, Attachment D at 1. Mr. Brown appealed arguing that an information was never filed and therefore the superior court lacked jurisdiction to pronounce judgment. Id. On February 5, 2003 the California Court of Appeal agreed, reversed that judgment and vacated Mr. Brown's plea. Id. at 6.

On July 2, 2003 the prosecution filed a new complaint containing the exact same allegations as those that resulted in the 2001 no contest plea. Answer, Attachment A at 1. After a jury found Mr. Brown guilty the trial judge sentenced him to nine years in prison. Answer, Attachment B at 2.

#### B. State Appellate Review

On August 10, 2004 Mr. Brown filed an appeal in the California Court of Appeal, Third Appellate District. Answer, Attachment C at 2. That appeal was denied on March 9, 2005. Answer, Attachment E at 20. Mr. Brown then petitioned the California Supreme Court for review on March 24, 2005. Answer, Attachment E at 2. That petition was denied on May 18, 2005. Answer, Attachment F at 2.

---

the province of a federal habeas court to reexamine state court determinations on state law questions." 502 U.S. at 67-68. The court re-emphasized that "federal habeas corpus relief does not lie for error in state law." Id. at 67 (citing Lewis v. Jeffers, 497 U.S. 764 (1990) and Pulley v. Harris, 465 U.S. 37, 41 (1984)). The Court further noted that the standard of review for a federal habeas court "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States (citations omitted)."

2

1  /////

2      C.    <u>State Habeas Corpus Proceedings</u>

3      Mr. Brown filed six petitions for habeas corpus relief in the Sacramento County

4  Superior Court. Those petitions were filed on:

- May 27, 2004
- April 27, 2005
- June 15, 2005
- August 18, 2005
- October 20, 2005
- April 24, 2006

/////

9  Each of those petitions was denied. Answer, Attachments G-I and K-L.

10      In the California Court of Appeal Mr. Brown filed four petitions for habeas

11  corpus relief. Those petitions were filed on:

- October 1, 2004
- September 6, 2005
- December 23, 2005
- May 23, 2006

/////

15  Each of those petitions was also denied. Answer, Attachments M-P.

16      Mr. Brown filed three petitions for habeas corpus relief with the California

17  Supreme Court. Those petitions were filed on:

- October 4, 2005
- April 13, 2006
- July 6, 2006

20  The October 4, 2005 and April 13, 2006 petitions were denied. The July 6, 2006 petition was

21  still pending at the time respondent filed its Answer. Answer, Attachments Q-S. Mr. Brown

22  then filed this federal petition on August 18, 2006.

23  /////

24  IV.    <u>APPLICABLE STANDARD OF HABEAS CORPUS REVIEW</u>

25      A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of

26  some transgression of federal law binding on the state courts. <u>See</u> <u>Peltier v. Wright</u>, 15 F.3d 860,

861 (9th Cir. 1993); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)). A federal writ is not available for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton, 768 F.2d at 1085. Habeas corpus cannot be utilized to try state issues de novo. Milton v. Wainwright, 407 U.S. 371, 377 (1972).

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003). Section 2254(d) sets forth the following standards for granting habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See also Penry v. Johnson, 532 U.S. 782, 792-93 (2001); Williams v. Taylor, 529 U.S. 362 (2000); Lockhart v. Terhune, 250 F.3d 1223, 1229 (9th Cir. 2001). The court looks to the last reasoned state court decision as the basis for the state court judgment. Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

/////

/////

V.  DISCUSSION OF PETITIONER'S CLAIM[2]

    A.  Violation of Fifth Amendment Prohibition Against Double Jeopardy

        1)  Description of Claim

Mr. Brown claims the trial court violated his Fifth Amendment right to be free from double jeopardy when the court dismissed his original case, in which the judgment had been reversed, and allowed the prosecution to proceed on a newly filed complaint. Petition at 6, 10.

        2)  State Court Opinion

The Sacramento County Superior Court addressed this claim in its November 21, 2005 opinion. That court found Mr. Brown's claim to be "meritless because jeopardy never attached." Answer, Attachment K at 3.

        3)  Applicable Law

"The Double Jeopardy Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" Hoyle v. Ada County, 501 F.3d 1053, 1059-60 (9th Cir. 2007) (quoting U.S. Const. Amend. V.) "It has long been settled under the Fifth Amendment that a verdict of acquittal is final, ending a defendant's jeopardy, and even when not followed by any judgment, is a bar to a subsequent prosecution for the same offence." Hoyle, 501 F.3d at 059-60 (quoting Green v. United States, 355 U.S. 184, 188 (1957) (internal quotation marks omitted).

"The Double Jeopardy Clause 'does not preclude the Government's retrying a

---

[2] Respondent argues this claim is procedurally defaulted. A reviewing court need not invariably resolve the question of procedural default prior to ruling on the merits of a claim where the issue of procedural default turns on difficult questions of state law. Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997); see also Busby v. Dretke, 359 F.3d 708, 720 (5th Cir. 2004). Under the circumstances presented here Mr. Brown's claim can be resolved more easily by addressing it on the merits. Accordingly, this report will assume that petitioner's claim is not procedurally defaulted.

5

defendant whose conviction is set aside because of an error in the proceedings leading to conviction...." U.S. v. Gutierrez-Zamarano, 23 F.3d 235, 238 (9th Cir. 1994) *(*quoting United States v. Tateo, 377 U.S. 463, 465 (1964). Instead, "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." Richardson v. U.S., 468 U.S. 317, 325 (1984).

4)  Discussion

After Mr. Brown entered a plea of no contest, he successfully exercised his right to appellate review and succeeded in having his conviction set aside. As a result of that action, the prosecution filed a new complaint against Mr. Brown, containing the same allegations. A trial was held, which resulted in a jury finding of guilt and a prison sentence for Mr. Brown. Under these facts the double jeopardy bar is not applicable.

The double jeopardy guarantee "imposes no limitations whatever upon the power to *retry* a defendant who has succeeded in getting his first conviction set aside" U.S. v. DiFrancesco, 449 U.S. 117, 131 (U.S. 1980) (quoting North Carolina v. Pearce, 395 U.S. 711, 720 (1969) (emphasis in original)). "It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction." Tateo, 377 U.S., at 466. "[T]o require a criminal defendant to stand trial again after he has successfully invoked a statutory right of appeal to upset his first conviction is not an act of governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect." United States v. Scott, 437 U.S. 82, 91 (1978).

Further, as successfully argued by Mr. Brown, the trial court lacked jurisdiction over his original guilty plea. "Jeopardy does not attach unless the court conducting a trial had jurisdiction." N.L.R.B. v. A-Plus Roofing, Inc., 39 F.3d 1410, 1419 (9th Cir. 1994); see also Grafton v. United States, 206 U.S. 333, 345 (1907); United States v. Ball, 163 U.S. 662, 669 (1896).

Based on these facts Mr. Brown is not entitled to relief on his claim.

VI. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's:

1. Petition for a writ of habeas corpus be denied; and

2. His September 24, 2008 motion for summary judgment also be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2009

CHARLENE H. SORRENTINO
UNITED STATES MAGISTRATE JUDGE